DocuSign Envelope ID: EBA85AE2-154D-4740-8A26-C86B715B062D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__10/11/2018__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS J. OLSEN, on behalf of himself and all
others similarly situated,

                          Plaintiff,

v.

THREE AND SEVENTY-THREE
GOURMET, LLC d/b/a DALLAS BBQ,

                          Defendants.
-----------------------------------------------------------------X

1:18-cv-01653-PAE

## CONSENT DECREE

    1.    This Consent Decree is entered into as of the Effective Date, as defined below in

Paragraph 12, by and between the following parties: Plaintiff, Thomas J. Olsen ("Plaintiff") and

Defendant, Three and Seventy-Three Gourmet, LLC d/b/a Dallas BBQ ("Defendant")[1] for the

purposes and on the terms specified herein.

## RECITALS

    2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination

on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, and accommodations of any place of public accommodation by any

private entity that owns, leases (or leases to), or operates any place of public accommodation. 42

U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). The New York State Human Rights Law, the New

York State Civil Rights Law, and the New York City Human Rights Law contain comparable

---

[1] Plaintiff and Defendant shall be collectively referred to as the "Parties" and each a "Party."

DocuSign Envelope ID: EBA85AE2-154D-4740-8A26-C86B715B062D

provisions prohibiting discrimination on the basis of disability in places of public accommodation.

3.      On February 22, 2018, Plaintiff filed this lawsuit against Defendant.  The Plaintiff alleged that Defendant's website, www.dallasbbq.com (the "Website"), contains barriers that prevent full and equal use by persons who are blind, in violation of Title III of the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law.

4.      Defendant expressly denies that the Website violates Title III of the ADA, New York State Human Rights Law, New York State Civil Rights Law, New York City Human Rights Law, or any other comparable regulation or statute. Defendant further denies that its Website does not provide effective communication[2] to persons who are blind using current screen reading technology.  Defendant does not admit any wrongdoing and is entering into this Consent Decree to avoid the risks and expenses of continued litigation.

5.      This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint [ECF No. 1].

6.      This Consent Decree is entered into by the Plaintiff, individually, but also provides relief identical to that which persons who are blind, have low vision, or are otherwise `similarly situated to Plaintiff would be entitled to seek had they brought forth a lawsuit alleging the Website was inaccessible to persons who are blind.

---

[2] "Effective communication" as used in this Consent means that an Average Screen Reader User (as that term is defined herein) can perform the tasks outlined in Paragraph 26.  To be ineffective communication, it is sufficient if an Average Screen Reader User experiences real hinderance, because of his or her disability, which affects his or her ability to perform the tasks outlined in Paragraph 26, on the Website.

DocuSign Envelope ID: EB3B3719-FD35-4740-BA26-C86B715B062D

## JURISDICTION

7.      Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.  Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law. Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law.

8.      Plaintiff is suing on his own behalf, as an aggrieved person pursuant to 42 U.S.C. § 12188(b)(2)(b).

9.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188.  The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

In resolution of this action, the Parties hereby **AGREE** to the following:

11.      The Parties agree that the recitals and other provisions set forth in Paragraphs 1-10 of this Consent Decree are true and correct and are an operative part of this Agreement.

DocuSign Envelope ID: EBA85AE2-154D-4740-8A26-C86B715B062D

## DEFINITIONS

12.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

13.     Visual Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

14.     Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation.  Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 23 through 33 of this Consent Decree.  Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's website-related operations could constitute an undue burden, as defined, in Title III of the ADA but as applied solely to Defendant's website-related operations as though they are collectively a stand-alone business entity, or which could result in a fundamental alteration in which Defendant operates its respective website-related properties or the primary functions related thereto, or which could result in a loss of revenue or traffic on their respective website-related operations, or which is or involves third party software, applications, content or plug-ins that are not owned by Defendant.

15.     The term "Average Screen Reader User" is intended to refer to the general body of persons with Vision Impairments who use screen readers for effective communication with the Internet and various websites.  The term is not intended to narrowly identify someone with a particular level of competency but instead is intended to be inclusive, while ruling out "outliers" in terms of screen reading software use proficiency. Therefore, the term Average Screen Reader

DocuSign Envelope ID: EB3B5AE2-154D-4740-8A26-C86B715B062D
Case 1:18-cv-01653-PAE     Document 16-1     Filed 10/05/18     Page 5 of 17

User is intended to exclude a person who has just recently started using a screen reader and has very little experience and competence using it and at the other extreme to also exclude a blind, tech savvy person with substantial experience using a screen reader while including most users in between.

## TERM

16.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) thirty-six (36) months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

17.     Pursuant to the terms of this Consent Decree, Defendant:

    a.     shall not deny persons with a visual impairment, including the Plaintiff, the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations through its Website as more particularly set forth below, 42 U.S.C. § 12182(b)(1)(A)(i);

    b.     shall use Reasonable Efforts to provide persons with a visual impairment, including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its Website as more particularly set forth below, 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c.     shall use Reasonable Efforts to ensure that persons with a visual impairment, including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through its Website as more particularly set forth below, 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

DocuSign Envelope ID: EBA85AE2-154D-4740-BA26-C86E715B062D

Case 1:18-cv-01653-PAE    Document 17    Filed 10/11/18    Page 6 of 17
Case 1:18-cv-01653-PAE    Document 16-1    Filed 10/05/18    Page 6 of 17

## COMPLIANCE WITH TITLE III OF THE ADA AND NEW YORK
## STATE AND NEW YORK CITY LAW

18.     **Web Accessibility Conformance Timeline:** Defendant shall use Reasonable Efforts to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice adopts regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.      By June 1, 2019, Defendant shall utilize certain provisions of Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will provide effective communication to persons with Vision Impairments or blindness as set forth in Paragraph 26 below.  Defendant shall not be responsible for ensuring that third party software, applications, content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to or from the Website, conform to WCAG 2.0 AA.

19.     **Web Accessibility Coordinator:**  By June 1, 2019, Defendant shall designate an employee, as part of their job duties, or a third party, as their Web Accessibility Coordinator who may consult with the Web Accessibility Consultant, as that term is defined in Paragraph 21 to the extent they are different people.  Defendant may substitute a different employee or third party as the Web Accessibility Coordinator from time to time in their sole discretion.

20.     **Web Accessibility:** By June 1, 2019, Defendant shall:

a.      Directly link from the Website's homepage, a statement that indicates that Defendant is making Reasonable Efforts to increase the accessibility of the Website so that

6

DocuSign Envelope ID: EB3B3AE2-15AD-4740-BA2B-C86B715B062D

Case 1:18-cv-01653-PAE    Document 17    Filed 10/11/18    Page 7 of 17
Case 1:18-cv-01653-PAE    Document 16-1    Filed 10/05/18    Page 7 of 17

persons with disabilities will have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Defendant through the Website ("Accessibility Statement"); and

       b.     Accompany the Accessibility Statement with an accessible means of communicating accessibility questions and problems.

21.    **Web Accessibility Consultant:** By June 1, 2019, Defendant shall retain an independent consultant or employ a person of its own choosing, who has expertise concerning accessible web development and knowledge of the terms of this Consent Decree and WCAG 2.0 AA ("Web Accessibility Consultant")[3] in connection with implementing Defendant's Reasonable Efforts with respect to accessibility to the Website described in this Consent Decree.

## SPECIFIC RELIEF TO PLAINTIFF

22.    **Specific Relief:** The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and any other financial matters, whether filed or not, relating to any alleged inaccessibility of the Website through a separate letter agreement (the "Letter Agreement") hereby incorporated by reference into this Consent Decree. The Letter Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Letter Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

23.    The procedures set forth in Paragraphs 24 through 27 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant asserts that there is criteria of WCAG 2.0 AA or other

---

[3] The Web Accessibility Consultant may be the same person as the Web Accessibility Coordinator.

DocuSign Envelope ID: EBA85AE2-154D-4740-8A26-C86B715B062D

obligations set forth in this Consent Decree with which they cannot substantially comply and/or which will result in a material lack of usability of the Website as set forth herein.  Plaintiff will not be able to allege a breach of this Consent Decree by Defendant until the following procedures have been exhausted.

24.    Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if he believes that the Website is in any way not in substantial compliance with this Consent Decree.  Defendant will notify Plaintiff in writing if Defendant believes there is criteria of this Consent Decree with which Defendant cannot substantially comply hereunder and/or which will result in a material lack of usability of the Website. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 35.

25.    Within thirty (30) days of either Party receiving notice as described in Paragraph 24, the other Party will respond in writing to the notice.  Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

26.    If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 25, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether an Average Screen Reader User can reasonably perform the following tasks under the circumstances described in this Paragraph 26:

        a.      Review the menus at the various locations;

        b.      Locate the address of the various restaurants;

        c.      Order a meal online;

DocuSign Envelope ID: EB3B3719-154D-4740-BA26-C86B715B062D

     d.      Review catering form;

     e.      Submit information for a party or group;

     f.      Sign up for newsletter;

     g.      Purchase a gift card;

     h.      Review the Accessibility Policy;

     i.      Contact and communicate with the appropriate party listed in the Accessibility Policy; and

     j.      Review the privacy policy.

27.    The Plaintiff will not be able to prove a breach of this Consent Decree unless (a) the independent accessibility consultant determines that the particular item(s) listed in Paragraph 26 cannot be accomplished by an Average Screen Reader User using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days of receiving the accessibility consultant's opinion.  If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than sixty (60) days, then the Parties agree that the longer time period recommended by the accessibility consultant shall apply without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel.  If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item, and it shall not be deemed to be a breach of this Consent Decree.

DocuSign Envelope ID: EBA85AE3-154D-4740-BA2B-C86B715B062D

28.     Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraph 24 after the procedures in Paragraphs 23 through 27 have been exhausted, the dispute shall be handled pursuant to the procedures set forth in Paragraphs 29 through 34 below.

29.     If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party claiming non-compliance shall provide the other Party with notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

30.     Within thirty (30) days of receipt of a notice pursuant to Paragraph 29, the non-initiating party shall respond to the initiating party in writing.

31.     Within fourteen (14) days after the response described in Paragraph 30, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

32.     If the matters raised in a notice provided pursuant to the above are not resolved within thirty (30) days of the initial meeting and conference required by Paragraph 31, either Party may submit the unresolved matters to nonbinding mediation before a mutually agreed upon mediator.

33.     If the dispute is not resolved in mediation, the Parties may then resolve the dispute by seeking the appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of their reasonable attorneys' fees, costs, and expenses.

DocuSign Envelope ID: EBA85AE2-154D-4740-BA26-C86B715B062D

34.     Any of the time periods set forth in Paragraphs 24 through 32 may be extended by mutual agreement of the Parties.

35.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:
Lipsky Lowe LLP
Attn: Douglas Lipsky
630 Third Avenue, Fifth Floor
New York, NY 10017
Email: doug@lipskylowe.com

To Defendant:

Greenberg Traurig, P.A.
Attn: Robert S. Fine
333 S.E. 2nd Avenue
Miami, FL 33131
Email: finer@gtlaw.com

 and

Greenberg Traurig, LLP
Attn: Jerrold Goldberg
The MetLife Building
200 Park Avenue
New York, NY 10166
Email: goldbergj@gtlaw.com

## MODIFICATION

36.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

DocuSign Envelope ID: EBA85AE2-154D-4740-BA26-C86B715B062D

## ENFORCEMENT AND OTHER PROVISIONS

37.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

38.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable.

39.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

40.     This Consent Decree shall be binding on: Defendant and their respective subsidiaries, agents, employees, and officers as well as Plaintiff.   In the event that the Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website, then the successor or assign shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

41.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a Visual Impairment who utilize a screen reader to access and utilize the Website for the Website's intended purpose, which persons with a

DocuSign Envelope ID: EBA85AE2-154D-4740-BA2E-C86B715B062D

Visual Impairment shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and shall be subject to, and entitled to enforce, the dispute resolution provisions herein.

42.    The Plaintiff and the Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3.  To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

43.    The signatories represent that they have the authority to bind the respective Parties, Thomas J. Olsen, and Three and Three and Seventy-Three Gourmet, LLC to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

44.    Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties.  This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

### RELEASE

45.    In exchange for the good and valuable consideration set forth herein and in the Letter Agreement, the sufficiency of which is hereby acknowledged by the Parties, Plaintiff, his agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively, the "Releasing Parties") hereby

DocuSign Envelope ID: EB3B3AE2-F94D-47A0-9A2F-C86B4F5B0621

Case 1:18-cv-01653-PAE    Document 17    Filed 10/11/18    Page 14 of 17
Case 1:18-cv-01653-PAE    Document 16-1    Filed 10/05/18    Page 14 of 17

release, acquit, satisfy, and discharge Defendant, 49th Broadway, LLC, Two and Eight Gourmet, Ltd, Broadway & 166th LLC, 23rd & 8 LLC, Fordham Enterprises LLC, Bay Plaza LLC, Jamaica BBQ LLC, Rego Enterprises LLC, 180 Bklyn Livingston LLC, Nostrand Enterprises LLC, along with any and all of their predecessors, agents, representatives, employees, partners, successors, assigns, officers, directors, shareholders, members, subsidiaries, parents, affiliated entities, vendors, insurers, and any entity or person related to them, jointly and severally (hereinafter, the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action, in law or equity, or suits of any kind, whether known or unknown that the Releasing Parties have, may have, may have had, or may hereafter raise against the Released Parties with respect to the Website, as well as any other website owned, operated, or managed by Defendant, or this subject litigation arising under Title III of the ADA , New York State Human Rights Law, New York State Civil Rights Law, New York City Human Rights Law or any other disability rights or accessibility-related law, ordinance, or local rule, with respect to the time period running from the beginning of the world through the date of this Agreement, including, but not limited to, all claims by the Releasing Parties for attorney's fees and costs, expert fees, litigation expenses, damages, or any other amount, fee, and/or cost, if any, with the exception of attorneys' fees, costs, and damages required to be paid by Defendants pursuant to the Letter Agreement.

**[Signatures on following page]**

DocuSign Envelope ID: EBA85AE2-154D-4740-BA2B-C86B715B062D

Case 1:18-cv-01653-PAE    Document 17    Filed 10/11/18    Page 15 of 17
Case 1:18-cv-01653-PAE    Document 16-1    Filed 10/05/18    Page 15 of 17

Agreed and Consented to:

DocuSigned by:

Thomas J. Olsen

5B9128965DC54B2...

Thomas J. Olsen                    9/6/2018 9:34:06 PM EDT

Three and Seventy-Three Gourmet, LLC

By _____

Its _____ C FO _____

**[Continued on following page]**

15

DocuSign Envelope ID: EB3B3719-FD35-32FD-9A2B-C86B715B062D

**COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE**

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)      This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2)      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1367, and 42 U.S.C. § 12188.

3)      The provisions of this Consent Decree shall be binding upon the Parties;

4)      Entry of this Consent Decree is in the public interest;

5)      This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

6)      The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law;

7)      The combination of remedies mandated by this Consent Decree make it clear that "there is no reasonable expectation that the alleged violation[s] will recur; and [upon implementation, those remedies will] completely and irrevocably eradicate [] the effects of the alleged violation[s]." *County of Los Angeles, v. Davis,* 440 U.S. 625, 631 (1979). Therefore, the Court finds that any further legal or administrative action of any kind, except for the enforcement of this Consent Decree, instituted by any individual or entity arising form, based upon, or

16

DocuSign Envelope ID: EB3B3AE2-FB4D-4700-B92E-C86E175B062D

connected with the alleged failure of the Website to comply with the ADA, New York State Human Rights Law, New York State Civil Rights Law, or the New York City Human Rights Law would be moot and therefore unnecessary; and

8)      This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, arising out of, or in connection with, the allegations in the Complaint. Accordingly, *res judicata* and collateral estoppel shall apply to each and every such claim, matter, and issue so that the Plaintiff is forever barred from litigating such claims, matters, and issues.

**NOW THEREFORE,** the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** in Chambers at New York, New York, this 11th day of October, 2018.

Paul A. Engelmayer

_____
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

17