UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS J. OLSEN, on behalf of himself and all
others similarly situated,

                1:18-cv-01653-PAE

                Plaintiff,

v.

THREE AND SEVENTY-THREE
GOURMET, LLC d/b/a DALLAS BBQ,

                Defendants.
-------------------------------------------------------------------X

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)      This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2)      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1367, and 42 U.S.C. § 12188.

3)      The provisions of this Consent Decree shall be binding upon the Parties;

4)      Entry of this Consent Decree is in the public interest;

5)      This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

6)    The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law;

7)    The combination of remedies mandated by this Consent Decree make it clear that "there is no reasonable expectation that the alleged violation[s] will recur; and [upon implementation, those remedies will] completely and irrevocably eradicate [] the effects of the alleged violation[s]." *County of Los Angeles, v. Davis,* 440 U.S. 625, 631 (1979). Therefore, the Court finds that any further legal or administrative action of any kind, except for the enforcement of this Consent Decree, instituted by any individual or entity arising form, based upon, or connected with the alleged failure of the Website to comply with the ADA, New York State Human Rights Law, New York State Civil Rights Law, or the New York City Human Rights Law would be moot and therefore unnecessary; and

8)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, arising out of, or in connection with, the allegations in the Complaint. Accordingly, *res judicata* and collateral estoppel shall apply to each and every such claim, matter, and issue so that the Plaintiff is forever barred from litigating such claims, matters, and issues.

**NOW THEREFORE,** the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** in Chambers at New York, New York, this 11th day of October, 2018.

_____
Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF